## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:13-CV-1286 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| FBI SCRANTON OFFICE, | : | (MAGISTRATE JUDGE BLEWITT) |
| Defendant | : | |

**FILED
SCRANTON**

JUL 3 0 2013

PER _____
DEPUTY CLERK

### MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County

Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint, naming as the sole Defendant, the FBI

Scranton Office, alleges that unnamed FBI agents applauded Plaintiff's efforts to gather

information on the use of federal grants by Luzerne County and by other state agencies, but after

he was allegedly arrested in retaliation for submitting right-to-know requests and for posting

"W2 Pay" of police officers on the internet, the FBI did nothing. (Id.). For relief, Plaintiff seeks,

inter alia, that his pending criminal case in Luzerne County be "secretly" thrown out, that the FBI

"covertly" recruit him to become an agent, and monetary damages. (Id.). Plaintiff filed a motion

for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate

Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 8) (citing Pub. L. No. 104-134,

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On May 29, 2013, Magistrate Judge Blewitt

---

[1]Plaintiff has since been released on bail. See (Docs. 9. 11).

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the
court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on
which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
from such relief."

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed with prejudice and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Docs. 13-14). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

Initially, Magistrate Judge Blewitt determines that although the instant action is docketed under 42 U.S.C. § 1983, the case implicates Bivens[4] because Plaintiff is only suing a federal agency and therefore falls within 28 U.S.C. § 1331. (Doc. 8, p. 1 n.1). The R&R thoroughly outlines the required elements of a Bivens action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Id. at pp. 2-4). It states: a "Bivens civil rights action under § 1331 has the same standards as does a § 1983 civil

---

[4]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

rights action." (Id. at pp. 2, 9) (citing Naranjo v. Martinez, 2009 U.S. Dist. LEXIS 128507 (M.D. Pa. 2009) (Mannion, M.J.), adopted by, 2009 U.S. Dist. LEXIS 109645 (M.D. Pa. 2009) (McClure, J.)). Next, the Magistrate Judge reasons that "the law is clear that Bivens 'only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies.'" (Doc. 8, p. 7) (quoting Goodson v. Maggi, 2010 U.S. Dist. LEXIS 24360 (W.D. Pa. 2010), adopted by, 2010 U.S. Dist. LEXIS 30061 (W.D. Pa. 2010)). Accordingly, Magistrate Judge Blewitt recommends that Defendant FBI Scranton Office be dismissed with prejudice based on the doctrine of sovereign immunity. (Id.) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The Magistrate Judge recommends that "Plaintiff's claim for monetary damages against any federal employee in his or her official capacity [also] be dismissed with prejudice" and finds futility in allowing an amendment. (Id.) (quoting Johnson v. U.S. Attorney's, 2010 U.S. Dist. LEXIS 75430 (E.D. Pa. 2010)). The R&R then explains that this Court has no authority to secretly throw out Plaintiff's pending criminal case or to direct the FBI to recruit him. (Doc. 8, p. 8). Magistrate Judge Blewitt finds that to the extent Plaintiff asks this Court to dismiss his pending Luzerne County case, the request must be made in a habeas petition after all state court remedies are exhausted. (Id. at p. 9), citing 28 U.S.C. § 2254; Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Finally, the Magistrate Judge concludes that Plaintiff has failed to allege "any facts whatsoever in relation to any cognizable constitutional claim against any proper federal official Defendant employed by the FBI Scranton Office." (Doc. 8, p. 10).[5] See also Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *39-40 (E.D. Pa. 2005)

---

[5]Notably, Plaintiff's alleged retaliatory arrest was made by the Hazleton City Police Department, not by the FBI. See Commonwealth of Pa. v. Donahue, CP-40-CR-3501-2012 (Luzerne Cty C.P. October 5, 2012).

(explaining that a plaintiff must prove an underlying constitutional violation to prevail in a civil rights action). Therefore, Magistrate Judge Blewitt recommends that the complaint be dismissed with prejudice and determines that it would be futile to afford Plaintiff an opportunity to file an amended complaint. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint will be dismissed with prejudice and without leave to amend. Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

**Date:** July 30, 2013

**United States District Judge**